UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00155-JPH-DML |
| ) | |
| BYRON PIERSON, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO DISMISS**

Defendant Byron Pierson has filed a motion to dismiss the charge against him based on prosecutorial misconduct. Dkt. [163]. For the reasons that follow, Mr. Pierson's motion is **DENIED**.

**I.
Facts & Background**

This case is set for trial on April 14, 2021. *See* dkt. 169.

On March 29, 2021, Mr. Pierson filed a motion to dismiss the indictment based on prosecutorial misconduct. Dkt. 163. The motion is based on the government's March 16, 2021 disclosure made in response to Mr. Pierson's *Giglio*[1] request:

> On or about October 22, 2018, then-IMPD Officer [Timothy] Elliott was arrested for operating a vehicle (motorcycle) while intoxicated. Officer Elliott was off-duty at the time of the incident. The Marion County Prosecutor's Office later declined to file criminal charges. Officer Elliott did not have any negative findings or disciplinary actions with IMPD as a result of this incident.

---

[1] *Giglio v. United States*, 405 U.S. 150 (1972).

1

Dkt. 166-1.

No criminal charges were filed against Officer Elliott because his "blood alcohol range fell below the State's level of impairment," and IMPD did not take disciplinary action against Officer Elliott. Dkt. 166 at 3; dkt. 166-1.

The government does not intend to call Officer Elliott during its case-in-chief, but likely would have called him if the Court had granted Mr. Pierson's request for an evidentiary hearing on his motion to suppress, which it did not. Dkt. 166 at 2.

## II.
## Applicable Law

The government has an obligation to provide "evidence favorable to an accused. . . where the evidence is material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see United States v. Agurs*, 427 U.S. 97, 106–07 (1976). Evidence about the reliability of key government witnesses can be "material" under *Brady*. *See Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule."). A "prosecutor['s] fail[ure] to disclose evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest" "falls within the *Brady* rule" when there is a "reasonable probability that, had the [impeachment information] been disclosed to the defense, the result of the trial would have been different." *United States v. Bagley*, 473 U.S. 667, 676–85 (1985).

2

But "[t]he *Brady* rule is not a rule of pretrial discovery," *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011), and a prosecutor's disclosure of "information favorable to the defense . . . need not precede trial," *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996). Indeed, "[d]isclosure even in mid-trial suffices if time remains for the defendant to make effective use of the exculpatory material." *Higgins*, 75 F.3d at 335.

### III.
### Discussion

Mr. Pierson argues that the government's failure to disclose Officer Elliott's arrest warrants dismissal. *See* dkt. 163. He contends that the information was material because it shows Officer Elliott's "bias to give favorable testimony in favor of the [g]overnment, and against [him], to curry favor with the [g]overnment, and to avoid criminal prosecution." *Id.* at 3. The government contends that "[n]o due process violation has occurred" and that it "has fulfilled its obligations under *Brady* and its progeny." Dkt. 166 at 6.

Mr. Pierson has presented no basis for dismissal or evidence of prosecutorial misconduct, and there is no need for the Court to determine whether the information regarding Officer Elliott may constitute *Brady* material. First, Mr. Pierson received the information regarding Officer Elliott approximately a month before the trial is scheduled to begin. *See* dkt. 166-1; *see also Higgins*, 75 F.3d at 335. He thus cannot show that he has suffered prejudice. *See United States v. Mota*, 685 F.3d 644, 649 (7th Cir. 2012) (holding that "the prosecution's failure to turn over evidence to the defense at

an earlier time [did not] create[] a reasonable probability that the trial proceedings would have been different"); *see also United States v.* Childs, 447 F.3d 541, 545 (7th Cir. 2006).

The government made the disclosure regarding Officer Elliott on March 16, 2021. *See* dkt. 166-1. The trial is set for April 14, *see* dkt. 169, so Mr. Pierson will have had nearly a month to make "good use" of the information should he choose to do so. *See United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982) (holding that the prosecutor's delay in disclosing evidence relevant to impeaching prosecution witnesses until the day before trial did not cause the defendant prejudice because he was still "able to make good use" of it at trial). And Mr. Pierson's vague contention that he would have "insisted on a speedy trial" sooner had he had this information earlier, dkt. 163 at 3, does not show that he suffered prejudice, *see Childs*, 447 F.3d at 545 (affirming finding that "no prejudice existed" because defendant did "not explain exactly how the information would have provided him with a . . . defense" and the Court was "at a loss to guess").

Second, even if Mr. Pierson had shown there was a *Brady* violation, he has not shown any basis for dismissal. *See* dkt. 163. Indeed, the Seventh Circuit has "never taken what [it] see[s] to be an extreme step of dismissing criminal charges against a defendant because of government misconduct." *Childs*, 447 F.3d at 545. Moreover, "when a defendant realizes that exculpatory evidence has been withheld the appropriate course is to seek a continuance if more time to investigate the exculpatory potential of the

4

evidence is needed." *Mota*, 685 F.3d at 649; *see Higgins*, 75 F.3d at 335. Mr. Pierson's request for dismissal—rather than a continuance—is not well taken.

## IV.
## Conclusion

For the reasons discussed above, Mr. Pierson's motion, dkt. [163], is **DENIED**.

**SO ORDERED.**

Date: 4/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joseph R. Eggert
ATTORNEY AT LAW
tlyons@600mainlaw.com

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Patrick J. Renn
prenn@600westmain.com