UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00155-JPH-DML |
| | ) | |
| BYRON PIERSON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE

Byron Pierson is charged with violating 18 U.S.C. § 922(g)(1)—Felon in

Possession of a Firearm. *See* dkt. 81. In preparation for trial, the parties have

filed several motions in limine. *See* dkt. 141; dkt. 145; dkt. 149; dkt. 150; dkt.

152.

For the reasons below, Mr. Pierson's motion, dkt. [145], is **GRANTED** to

the extent that the government **shall not** offer evidence that Mr. Pierson came

to Complainant's house, damaged her vehicle, or threatened her. The

government's motion, dkt. [150], is **DENIED in part and GRANTED in part**, as

discussed below. The government's motion, dkt. [141], is also **GRANTED**. The

government's remaining motions in limine, dkt. [149]; dkt. [152], are **DENIED**.

## II.
## Applicable Law

"Motions in limine are well-established devices that streamline trials and

settle evidentiary disputes in advance, so that trials are not interrupted mid-

course for the consideration of lengthy and complex evidentiary issues."

*United States v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002). Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III.
### Discussion

**A.    Government's motion regarding evidence of unlawful use of force**

The government has filed a motion in limine asking the Court to "preclude [Mr.] Pierson from introducing evidence (whether through direct or cross examination) and making arguments relating to the unlawful use of force." Dkt. [141] at 1. Mr. Pierson has not responded to this motion and thus has not offered any evidence in support of the allegations made in his motion to suppress, dkt. 128. *See* S.D. Ind. L. R. 7-1(c)(5). Moreover, Mr. Pierson has not offered any explanation as to how the nature and extent of force used by the officers to effect the arrest is relevant to the jury's task of determining whether he is guilty or innocent of possessing a firearm as a convicted felon. The motion is **GRANTED**, and Mr. Pierson is prohibited from referencing or suggesting unlawful use of force during opening statement, witness testimony (both direct and cross-examination), and closing argument.

**B.   Mr. Pierson's motion regarding Complainant's statements**

Mr. Pierson has filed a motion in limine asking the Court to "preclude the [g]overnment from introducing any evidence regarding the prosecuting witness ('D.C.') alleging [that Mr.] Pierson came to her home on two occasions, without her consent, and damaged her vehicle and/or threatened her." Dkt. [145] at 1. This motion concerns a woman's ("Complainant's"[1]) report to police about Mr. Pierson's behavior on the day of his arrest and the day before. *See* dkt. 145; dkt. 150.  Complainant reported that Mr. Pierson had followed-through on an earlier threat to "smash out the windows in her vehicle" the night before and had threatened to return that night to "[b]low up" her car and "shoot the house up." Dkt. 151-1 at 5, 9.

Under Federal Rule of Evidence 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  A matter's "probative value" is measured by its "tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985).  "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee notes; *see United States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011).  "Evidence is 'unfairly prejudicial if it appeals to the jury's

---

[1] Complainant's name "is known to the parties and can be made known to the Court." Dkt. 151 at 2 n.1.

3

sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.'" *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004) (quoting *United States v. Peters*, 791 F.2d 1270, 1294 (7th Cir. 1986)).

Here, the government contends that evidence of the Complainant's report to the police is probative to "why police were investigating [Mr. Pierson] at all." Dkt. 150 at 4. While that's true, the unfair prejudice that would likely result from the jury hearing the details of Complainant's statements substantially outweighs their probative value. These statements could provoke the jury's "instinct to punish" rather than focus the jury's decision on whether Mr. Pierson is guilty or innocent of possessing a firearm as a convicted felon. *See Jamison*, 635 F.3d at 966; *see, e.g.*, *Dudley v. Duckworth*, 854 F.2d 967, 972 (7th Cir. 1988) (holding that "admission of . . . threat testimony" deprived defendant of a "jury free from evidential harpoons"); *United States v. Thomas*, 86 F.3d 647, 654 (7th Cir. 1996) ("[T]rial courts must carefully consider the probative value of threat evidence . . . .").

Mr. Pierson's motion, dkt. [145], is therefore **GRANTED** to the extent that the government **shall not** offer evidence that Mr. Pierson came to the Complainant's "home on two occasions, without her consent, and damaged her vehicle and/or threatened her." *See* dkt. 145 at 1.

4

### C. Government's motion regarding background and context

The government has filed a motion in limine asking the Court to allow the introduction of evidence of the Complainant's report to the police or, alternatively, to allow more generalized information about the background and context of the circumstances that led to Mr. Pierson's arrest. Dkt. [150]. The motion is **DENIED** with respect to the Complainant's report to the police for the reasons stated for granting Mr. Pierson's motion in limine. *See* dkt. 145. The motion is **GRANTED** to the extent that the government may elicit the following testimony from the officers involved in pulling over Mr. Pierson's vehicle and the officers who later arrived at the scene: They were conducting an investigation related to Mr. Pierson; had a description of the vehicle he was traveling in; were aware he had a criminal record; and had been told that he may be armed.

This evidence is not hearsay because it is not offered for the truth of the matter asserted, but only to "establish the course of the investigation." *United States v. Taylor*, 569 F.3d 742, 749 (7th Cir. 2009); *see* Fed. R. Evid. 801. Moreover, it is probative to the reason why the police pulled Mr. Pierson over and to put the nature of their interaction with him in context. Entirely omitting any evidence of what the officers knew and why they initiated the stop would leave a major gap in the evidence and invite speculation and potential confusion with the jury. *See Jones v. Basinger,* 635 F.3d 1030, 1046 (7th Cir. 2011) (noting that the "course of investigation" hearsay exception helps "bridge gaps in the trial testimony that would otherwise substantially confuse or

5

mislead the jury").  Finally, the short and generic nature of the anticipated background and context testimony is relatively benign.  Thus, the probative value of this evidence is not substantially outweighed by the danger of *unfair* prejudice.  *Thompson,* 359 F.3d at 479 (describing evidence as unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.'").

Like all rulings on motions in limine, this ruling is provisional and subject to change as the case develops at trial.  If Mr. Pierson argues—whether through attorney argument or questioning of witnesses—that the responding officers' actions of questioning Mr. Pierson, getting him out of the car, chasing him and using Tasers on him were improper or disproportionate to the circumstances, the government may seek leave of Court outside the presence of the jury to offer additional evidence regarding Complainant's report to the police to establish in more detail what the responding officers knew at the time of their interaction with Mr. Pierson.

**D.    Mr. Pierson's prior convictions**

The government has filed a motion in limine, dkt. [149], asking the Court to allow it to impeach Mr. Pierson with the following prior convictions should he decide to testify:

- On January 22, 2013, Mr. Pierson was convicted of Felon in Possession of a Firearm in the Southern District of Indiana.  *See* Case No. 1:12-cr-26.

- On August 30, 2010, Mr. Pierson was convicted of Resisting Law Enforcement as a felony in Marion County, Indiana.  *See* Case No. 49F15-1005-FD-038427.

- On August 28, 2006, Mr. Pierson was convicted of Dealing in Cocaine and Possession of a Firearm by a Serious Violent Felon, both felonies, in Marion County, Indiana.  *See* Case No. 49G20-0603-FA-042648.

- On November 5, 1997, Mr. Pierson was convicted of Robbery in Marion County, Indiana.  *See* Case No. 49G05-9607-CF.

Dkt. 149 at 2–3, 7.

The government does not contend that any of these crimes involve an element of dishonesty.  *Cf.* Fed. R. Evid. 609(a)(2).  The government must thus show that the probative value of these convictions outweighs (or, for convictions with release dates more than 10 years ago, substantially outweighs) the unfair prejudice from their use.  *See* Fed. R. Evid. 609(a)(1)(B),

609(b).[2]  To weigh the probative value and prejudicial effect of prior convictions, courts in this circuit consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002) (citation omitted).

For probative value, the government argues that the impeachment value from the prior convictions, Mr. Pierson's subsequent criminal history, and the centrality of credibility favor admissibility.  Dkt. 149 at 4–5.  The impeachment value "weighs in favor of admission," the government contends, because "[t]he fact that the defendant has been convicted of a prior offense may legitimately imply that he is more likely to give false testimony."  *Id.* at 4 (quoting *United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988)).  The government also that Mr. Pierson's credibility (should he testify) will be important and that Mr. Pierson was released from two of his convictions in the last ten years.  *See* dkt. 149 at 4–5.  In contrast, Mr. Pierson argues that he has stipulated that he knew he was a felon, which decreases any probative value of his prior

---

[2] Two of the four convictions (the 1997 conviction for robbery and the 2010 conviction for resisting law enforcement) are covered by Federal Rule of Evidence 609(b) because Mr. Pierson was released from confinement more than 10 years ago.  *See* dkt. 149 at 4; *see, e.g.*, *United States v. Redditt*, 381 F.3d 597, 598 (7th Cir. 2004) ("[T]he purpose of Rule 609 is to ensure that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.") (citation omitted).  This order does not separate the analysis for these convictions, however, because it finds all of Mr. Pierson's prior convictions inadmissible.

convictions because they "would not be new information to the jury." *See* dkt. 149 at 6; dkt. 160 at 1–2; dkt. 164.

The Court must take "caution in admitting crimes similar to those charged to avoid an improper propensity inference." Dkt. 149 at 4.  Indeed, "[t]he danger of admitting evidence of a defendant's prior conviction for a similar offense is that the jury will regard past convictions of similar crimes as evidence of bad character[,] a willingness to commit the crime charged[,] or that a jury will conclude that the defendant does not really deserve the presumption of innocence." *Rein*, 848 F.2d at 783 (citation omitted); *see also Horvath v. W. Bend Mut. Ins. Co.*, 534 F. App'x 552, 554 (7th Cir. 2013) ("When the prior conviction and the charged act are of a similar nature, the danger of unfair prejudice increases.  The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior conviction as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary.") (citation omitted).

Here, the government concedes that Mr. "Pierson's prior convictions are similar to the facts of this case, in that they involve the possession of a firearm or resisting law enforcement." Dkt. 149 at 5.  Given the limited probative value of the prior convictions due to Mr. Pierson's stipulation and the danger of unfair prejudice arising from the similarity between his prior convictions and the current charge, the government has not shown that the probative value of the prior convictions outweighs the danger of unfair prejudice.  Therefore, the government's motion, dkt. [149], is **DENIED**.

**E.      Police audio recording**

The government has filed a motion in limine asking the Court to allow it to admit an "audio recording of the police radio transmission from the . . . traffic stop and ensuing arrest" of Mr. Pierson as evidence.  Dkt. [152] at 1.

Under Federal Rule of Evidence 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."

Here, the probative value of the recording is relatively low because the circumstances of Mr. Pierson's arrest, such as his attempt to flee, are not directly relevant to the elements of the charge of felon-in-possession.  *See* dkt. 152; *cf. Sutter v. Carroll*, No. 1:11-CV-83, 2012 WL 357691, at *5 (N.D. Ind. Aug. 17, 2012)  (finding police audio recording relevant to excessive-force claim on whether the "officer's actions were objectively reasonable"); *Wilbon v. Plovanich*, No. 12 C 1132, 2016 WL 890671, at *11 (N.D. Ill. March 9, 2016) (finding police audio evidence relevant to false-arrest claim because "[o]ne of the principal questions for the jury in this case [was] to determine whether probable cause existed").

Moreover, officers who were involved in Mr. Pierson's arrest will testify at trial, s*ee* dkt. 138 (listing Officers Hubner, Minnis, Snow, Elliott[3] as witnesses at trial), likely making the police audio recording cumulative.  *See* Fed. R. Evid.

---

[3] Officer Elliott appears on the government's witness list.  *See* dkt. 138.  In a later filing, however, the government clarified that "the government did not (and still does not) intend to call [Officer] Elliott . . . at trial."  Dkt. 166 at 2; *see* dkt. 182.

403; *United States v. Zarattini*, 552 F.2d 753, 759 (7th Cir. 1977) (holding that a district court could limit the presentation of cumulative evidence because "the jury was aware" of the relevant facts already). The government's motion, dkt. [152], is **DENIED**.

### IV.
### Conclusion

For the reasons discussed above, the government's motion to exclude evidence of the police's use of force in arresting Mr. Pierson, dkt. [141], is **GRANTED**. Mr. Pierson's motion, dkt. [145], is also **GRANTED** to the extent that the government **shall not** offer evidence that Mr. Pierson came to Complainant's house, damaged her vehicle, or threatened her. The government's motion, dkt. [150] is **DENIED in part and GRANTED in part**, as discussed above. And the government's remaining motions in limine, dkt. [149]; dkt. [152], are **DENIED**.

**SO ORDERED.**

Date: 4/9/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

11

Distribution:

Joseph R. Eggert
ATTORNEY AT LAW
tlyons@600mainlaw.com

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Patrick J. Renn
prenn@600westmain.com