Case 1:18-cr-00155-JMS-DML   Document 308   Filed 08/14/24   Page 1 of 4 PageID #: 2241

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>BYRON PIERSON<br><br>Date of Original Judgment: 11/30/2021<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) Case No: 1:18-cr-00155-JMS-DML-01<br>) USM No: 10472-028<br>)<br>)<br>) Joseph R. Eggert and Patrick J. Renn (prior)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 08/14/2024

*Judge's signature*: Jane Magnus-Stinson

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:18-cr-00155-JMS-DML ) |
| BYRON PIERSON (01), | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Byron Pierson (01) has filed Motions to Reduce Sentence based on USSC Amendment 821. [288 & 299].[1] Mr. Pierson was convicted of unlawful possession of a firearm by a convicted felon. [236]. He received a sentence of 96 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [288 & 299]. The Government has filed a Response in Opposition in which it asserts that Mr. Pierson is ineligible because he received a below-guidelines sentence (not based on substantial assistance), and his sentence remains below his new range [304].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Pierson. [289]. Counsel was later granted leave to withdraw. [295]. Mr. Pierson was afforded an opportunity to supplement his petition following the withdrawal [296], which he did [299].

Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Pierson is ineligible for resentencing. As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Pierson is ineligible for resentencing. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Indeed this amendment applies to Mr. Pierson, he would now be in Criminal History Category V instead of VI, his new guideline range would be 130 to 162 months' imprisonment. Even so, Mr. Pierson is still not entitled to a sentence reduction.

Mr. Pierson's sentence was below the guideline range for either Criminal History Category V or VI. He was sentenced to 96 months imprisonment which is below the amended guideline range. Amendment 821 prohibits the Court from reducing his sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The Amendment therefore provides Mr. Pierson no relief.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Pierson's Motions to Reduce Sentence [288 & 299] are **DENIED.**

IT IS SO ORDERED.

Date: 8/14/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Brian.reitz@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Kelsey.massa@usdoj.gov

By U.S. Mail to:
Byron Pierson
#10472-028
USP Hazelton
United States Penitentiary
P.O. Box 5000
Bruceton Mills, WV  26525