AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

United States of America
v.
BYRON PIERSON

Date of Original Judgment: 11/30/2021
Date of Previous Amended Judgment: ______
*(Use Date of Last Amended Judgment if Any)*

Case No: 1:18-CR-00155-JMS-DML-001
USM No: 10472-028

Joseph Eggert and Patrick Renn (prior)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ______ months **is reduced to** ______.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ______ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 10/04/2024

Jane Magnus-Stinson
*Judge's signature*

Effective Date: ______
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | 1:18-cr-00155-JMS-DML |
| BYRON PIERSON (01), Defendant. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR SENTENCE REDUCTION**

Defendant Byron Pierson (01) has filed a Motion for Sentence Reduction based on United States Sentencing Guideline Amendment 821, [Dkt. 288], and a Motion for Reconsideration, [Dkt. 312].[1] The Court originally denied Mr. Pierson's Motion for Sentence Reduction, [Dkt. 308], but then vacated its Order and gave the Government an opportunity to respond to a brief Mr. Pierson had filed in further support of his Motion. [Dkt. 310.] Mr. Pierson's Motion for Sentence Reduction, [Dkt. 288], and his Motion for Reconsideration, [Dkt. 312], are now ripe for the Court's review.

## I.
## MOTION FOR RECONSIDERATION

In his Motion for Reconsideration, Mr. Pierson asks the Court to reconsider its August 14, 2024 decision denying his Motion for Sentence Reduction. [Dkt. 312.] Because the Court vacated

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Pierson. [Dkt. 289.] Counsel was later granted leave to withdraw. [Dkt. 295.] Mr. Pierson was then afforded an opportunity to supplement his Motion for Sentence Reduction following counsel's withdrawal, [Dkt. 296], and he subsequently filed a Supplemental Brief in Support of Motion for Sentence Reduction, [Dkt. 299].

its August 14, 2024 order on September 9, 2024, the Court **DENIES AS MOOT** Mr. Pierson's Motion for Reconsideration, [Dkt. 312].

## II.
## MOTION FOR SENTENCE REDUCTION

### A. Background

Mr. Pierson was convicted of unlawful possession of a firearm by a convicted felon. [Dkt. 236 at 1.] He received a sentence of 96 months' imprisonment. [Dkt. 236 at 2.] In his Motion for Sentence Reduction, he seeks relief under Amendment 821 to the United States Sentencing Guidelines, arguing that his criminal history points of 2 should be reduced to 1 and that his sentence should be reduced to time served. [Dkt. 288 at 1.] The Government concedes that Mr. Pierson is eligible for a four-month sentence reduction, but asserts that the Court should exercise its discretion to deny the reduction. [Dkt. 311 at 1.]

### B. Discussion

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the

authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

*1. Step One Analysis*

At step one, the Court agrees with Mr. Pierson and the Government that Mr. Pierson is eligible for a sentence reduction. Mr. Pierson received two criminal history points because the offense was committed under a criminal justice sentence in another case, [Dkt. 241 at 14], but under Amendment 821 he would now only receive one criminal history point for that conduct. *See* U.S.S.G. § 4A.1.1(e) ("Add 1 point if the defendant (1) received 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). Accordingly, his criminal history category would be reduced from VI to V, resulting in a guideline range of 92-115 months instead of 100-120 months. *See* U.S.S.G. Ch. 5, Pt. A – Sentencing Table. However, because the bottom of his new sentencing range is 92 months, Mr. Pierson is only eligible for a 4-month reduction in his sentence (from 96 months to 92 months). U.S.S.G. § 1B1.10(b)(2)(A) (sentence may not be reduced "to a term that is less than the minimum of the amended guideline range").

*2. Step Two Analysis*

As to the step two analysis, the Court considers the § 3553(a) factors to determine whether Mr. Pierson is entitled to the sentence reduction.

In support of his Motion, Mr. Pierson argues that during his sentence he has "remained conduct free, completed non-residential drug class, completed all of his financial responsibility concerning this case, court cost and criminal fine, and he has remained employed." [Dkt. 288 at 2.] He asserts that he assists others with "learning the law and procedures," has "kept very strong

ties to the community by way of his family's visits and writing," has created "a very detailed Release plan," and "has gainful employment upon release." [Dkt. 288 at 2; *see also* Dkt. 299 at 1 (Mr. Pierson reiterating these arguments in his supplemental brief).]

In its amended response, the Government argues that the nature of Mr. Pierson's offense, which included threatening a victim, striking an officer during his arrest, pushing off of another officer, fleeing, and continuing to resist arrest after being tased, is more severe than most offenses. [Dkt. 311 at 7.] It asserts that his history and characteristics "are also poor," noting that he has a lengthy criminal history, was under a criminal justice sentence when he committed the offense that is the subject of this case, committed a prior offense under very similar circumstances, and violated supervised release. [Dkt. 311 at 8.] The Government argues that Mr. Pierson does not respect the law and that his past actions of threatening a victim, pushing and punching police officers, and frequent gun possession show that there is a need to protect the public. [Dkt. 311 at 8-9.] Finally, the Government contends that "[a] low-end guideline sentence for [Mr.] Pierson would create disparities," because "[t]he typical § 922(g)(1) offender does not often: (1) have a prior § 922(g)(1) offense; (2) threaten a victim with the gun; (3) or resist arrest. Because [he] did all three, he is not the least culpable § 922(g)(1) offender. Thus, he should not receive a low-end guideline sentence." [Dkt. 311 at 9 (citation omitted).]

Mr. Pierson argues in his reply that the offense in this case is "a non-violent charge lacking a victim," and that the Government has "fail[ed] to acknowledge [his] transformative journey over the last six [and] a half years," which "presents a skewed and incomplete narrative." [Dkt. 313 at 1.] Mr. Pierson argues that the Government is relying on his past history, that he has "markedly evolved," that the Court previously discounted the Government's arguments at his sentencing, that his counsel at the sentencing was ineffective, and that the Bureau of Prisons ("BOP") has "failed

to credit [him] for [certain] time, an error that this [C]ourt has the discretion to correct." [Dkt. 313 at 1-2.]

When sentencing Mr. Pierson, the Court considered the applicable § 3553(a) factors and imposed a 96-month sentence. [*See* Dkt. 237 at 3.] Specifically, the Court considered the fact that Mr. Pierson engaged with law enforcement during his arrest in this case and in other cases; that he has committed multiple violations while on community supervision in the past and has received multiple conduct reports while in the Department of Corrections; and that he was on federal supervision when he committed the offense that is the subject of this case. [Dkt. 237 at 3.] The Court noted the convoluted history of the interrelationship of Mr. Pierson's custodial status in a prior case and in the instant case, but found the § 3553(a) factors warranted a 96-month sentence as sufficient but not greater than necessary. [Dkt. 256 at 78-79.] The Court also found the maximum term of supervised release was warranted. In short, the Court did not base its sentence on the guidelines, but rather concluded that the 96-month term complied with the provisions of 3553(a).

Although the Court acknowledges Mr. Pierson's positive development, detailed Release plan, fulfillment of financial responsibility, and completion of drug classes, the Court stands by its consideration of the § 3553(a) factors at Mr. Pierson's sentencing. As to the nature and circumstances of the offense, Mr. Pierson struck an officer, pushed off of another, and fled with a firearm in his waistband after the car in which he was a passenger was pulled over; and struggled and continued to resist officers' directions after being hit with a taser. [Dkt. 241 at 5-6.]

Mr. Pierson's history and characteristics also weigh against a sentence reduction. His criminal history includes robbery in 1996; possession of cocaine in 2002; dealing in cocaine in 2006 (where Mr. Pierson attempted to run when the car which he was driving was pulled over);

resisting law enforcement in 2010 (where Mr. Pierson punched an officer and fled on foot after the car he was driving was pulled over); and being a felon in possession of a firearm in 2012. [Dkt. 241 at 9-13.] Mr. Pierson violated the terms of his supervised release in connection with the 2012 charge when he committed the offense that is the subject of this case. [Dkt. 241 at 14.] He has also received over 100 conduct reports while incarcerated for his past offenses. [Dkt. 241 at 9-11.]

Mr. Pierson's pattern of fleeing from the police, engaging in physical altercations with officers, and failing to comply with the rules while incarcerated, and the fact that he committed the instant offense while on supervised release in connection with another case all lead the Court to conclude that the consideration of the § 3553(a) factors does not warrant a sentence reduction. Rather, the original 96-month sentence is necessary to reflect the seriousness of the offense, provide adequate deterrence for Mr. Pierson, protect the public from further crimes of Mr. Pierson, provide Mr. Pierson with continued educational or vocational training, and avoid unwarranted sentencing disparities. Accordingly, Mr. Pierson's Motion for Sentence Reduction, [Dkt. 288], is **DENIED**.

## III.
## CONCLUSION

For the foregoing reasons, Mr. Pierson's Motion for Reconsideration, [312], is **DENIED AS MOOT** and his Motion for Sentence Reduction, [288], is **DENIED**.

Date: 10/4/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Brian.reitz@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Kelsey.massa@usdoj.gov

By U.S. Mail to:
Byron Pierson
#10472-028
USP Hazelton
United States Penitentiary
P.O. Box 5000
Bruceton Mills, WV  26525